IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| FRANCIS GRANDINETTI, #A0185087, | ) ) ) | CIV. NO. 19-00291 JAO-RT |
| Plaintiff, | ) ) ) | ORDER DENYING IN FORMA PAUPERIS STATUS; DISMISSING ACTION; AND VACATING DEFICIENCY ORDER |
| vs. | ) ) | |
| CORR. CORP. OF AMERICA (CCA), *et al.*, | ) ) ) ) | |
| Defendants. | ) ) | |
| _____ | ) | |

## ORDER DENYING IN FORMA PAUPERIS STATUS; DISMISSING ACTION; AND VACATING DEFICIENCY ORDER

Before the court is pro se prisoner Francis Grandinetti's latest pleading and attached exhibits, filed on June 7, 2019. ECF No. 1. Grandinetti labels this pleading "2019 Complaint: Federal Contractor Lawsuit against CCA and CCV, et al.," "Habeas Corpus; Federal-Detention, IAD, and Custody." "SHIP programming, Gang/STG programs, LTAS/Ad Seg Custody; write-ups for refusal to participate therefor."[1] *Id.* The pleading lacks any explanation for the basis of

---

[1] It again appears that Grandinetti labeled this pleading ambiguously as seeking habeas relief in part, to avoid the penalties imposed on his filings by § 1915(g). *See Andrews v. King*, 398 F.3d 1113, 1122-23, n.12 (9th Cir. 2005) ("*Andrews I*") (recognizing that some habeas petitions are civil rights actions mislabeled as habeas petitions to avoid § 1915(g)'s penalties).

this suit, although its exhibits suggests that Grandinetti refused to attend SHIP or other programs that may qualify him for parole and that he refused a cell mate.

Grandinetti attaches a blank District of Hawaii Application to Proceed In Forma Pauperis By A Prisoner form ("IFP Application"), and other blank forms referring to the release of funds and request for his inmate account balances. *Id.* at PageID #42-44.

To the extent Grandinetti is asserting a petition for writ of habeas corpus challenging his conviction, sentence, or continued incarceration, his Petition is DISMISSED. Grandinetti has previously challenged his conviction and sentence. *See Grandinetti v. State*, Civ. No. 05-00254 DAE-LEK (dismissing habeas petition with prejudice as time-barred). This court thus lacks jurisdiction to consider Grandinetti's habeas claims until the appellate court has authorized him to proceed with a second or successive petition for writ of habeas corpus. *See Burton v. Stewart*, 549 U.S. 147, 152 (2007); *see also*, 28 U.S.C. § 2254(b)(3)(A). Further, nothing in this pleading shows that Grandinetti challenges the revocation of parole or probation, or makes any other claims "that fall within the core of habeas." *See Nettles v. Grounds*, 830 F.3d 922, 927 (9th Cir. 2016) (discussing when a habeas claim is properly brought and when a civil rights claim is raised) (citing *Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005)). It appears that he is again generally

complaining about his transfer to Arizona and, perhaps, the conditions of his confinement there.

To the extent Grandinetti asserts a cause of action under 42 U.S.C. § 1983, he has accrued three strikes pursuant to 28 U.S.C. § 1915(g),[2] and he may not proceed without concurrent payment of the filing fee unless his pleadings plausibly allege that he is in imminent danger of serious physical injury. *See Andrews v. Cervantes*, 493 F.3d 1047, 1053, 1055 (9th Cir. 2007) ("*Andrews II*"). Nothing within Grandinetti's pleading shows or even suggests that he was in imminent danger of serious physical injury when he filed this action or that there is a continuing practice that injured him in the past that poses an "ongoing danger." *Id.* at 1056. If Grandinetti was in such danger, of course, venue for such a claim would be in Arizona, where he is incarcerated, not in the District of Hawaii. *See* 28 U.S.C. § 1391.

This action is therefore DISMISSED without prejudice pursuant to 28 U.S.C. § 1915(g), and Grandinetti's request to proceed in forma pauperis is DENIED. Grandinetti may refile any civil rights claims that he asserts herein in a new action with concurrent payment of the filing fee. He must seek certification

---

[2] *See, e.g.*, *Grandinetti v. FTC Seg. Unit Staff*, 426 F. App'x 576 (9th Cir. 2011); *Grandinetti v. Abercrombie*, Civ. No. 15-00007 LEK-RLP (D. Haw. 2015); *Grandinetti v. Stampfle*, Civ. No. 05-00692 HG-LEK (D. Haw. 2005).

from the Ninth Circuit Court of Appeals before proceeding with habeas claims challenging his conviction or sentence.

The June 7, 2019 Deficiency Order, ECF No. 2, is VACATED.

The Clerk is DIRECTED to terminate this case. The Court will take no further action beyond processing a notice of appeal.

IT IS SO ORDERED.

DATED: Honolulu, Hawaiʻi, June 13, 2019.

Jill A. Otake
United States District Judge

*Grandinetti v. Corr. Corp. of America, et al.*, No. 1:19-cv-00291 JAO-RT